IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NOVO NORDISK INC. and NOVO NORDISK A/S, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) C.A. No. _____ ) |
| SUN PHARMACEUTICAL INDUSTRIES LTD. and SUN PHARMACEUTICAL INDUSTRIES, INC., | ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT

Plaintiffs Novo Nordisk Inc. and Novo Nordisk A/S (collectively, "Novo Nordisk"), for their Complaint against Defendants Sun Pharmaceutical Industries Ltd. and Sun Pharmaceutical Industries, Inc. (collectively, "Sun"), allege as follows:

## THE PARTIES

1. Plaintiff Novo Nordisk Inc. ("NNI") is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 800 Scudders Mill Road, Plainsboro, New Jersey 08536.

2. Plaintiff Novo Nordisk A/S ("NNAS") is an entity organized and existing under the laws of the Kingdom of Denmark, having its principal place of business at Novo Allé, 2880 Bagsvaerd Denmark. NNI is an indirect, wholly-owned subsidiary of NNAS.

3. On information and belief, Defendant Sun Pharmaceutical Industries Ltd. is a corporation organized and existing under the laws of India, having its principal place of business at Sun House, Plot No. 201 B/1, Western Express Highway, Goregaon (East), Mumbai, Maharashtra, India 400063. On information and belief, Sun Pharmaceutical Industries Ltd. is in

the business of making and selling generic pharmaceutical products, which it distributes in the State of Delaware and throughout the United States.

4. On information and belief, Defendant Sun Pharmaceutical Industries, Inc. is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 2 Independence Way, Princeton, New Jersey, 08540. On information and belief, Sun Pharmaceutical Industries, Inc. is in the business of making and selling generic pharmaceutical products, which it distributes in the State of Delaware and throughout the United States.

5. On information and belief, Defendant Sun Pharmaceutical Industries, Inc. is a wholly owned subsidiary of Defendant Sun Pharmaceutical Industries Ltd.

6. On information and belief, Defendants Sun Pharmaceutical Industries Ltd. and Sun Pharmaceutical Industries, Inc. collaborate to develop, manufacture, seek regulatory approval for, import, market, distribute, and sell generic pharmaceutical products in the State of Delaware and throughout the United States.

## NATURE OF THE ACTION

7. This action arises under the patent laws of the United States, Title 35, United States Code, § 100 *et seq.*, including 35 U.S.C. §§ 271(a), (e), and (f) arising from Defendants' submission of an Abbreviated New Drug Application ("ANDA") No. 217962 ("Sun's ANDA") to the United States Food and Drug Administration ("FDA"), by which Sun seeks approval of a generic version of Novo Nordisk's pharmaceutical product WEGOVY® (semaglutide) injection prior to the expiration of United States Patent No. 12,214,017 ("the '017 Patent"), which covers, *inter alia*, WEGOVY® (semaglutide) injection.

8. NNAS is the owner of all rights, title, and interest in the '017 Patent.

9. NNI is the holder of New Drug Application ("NDA") No. 215256 for WEGOVY® (semaglutide) injection, for subcutaneous use, administered with 0.25 mg/0.5 mL, 0.5 mg/0.5 mL, 1 mg/0.5 mL, 1.7 mg/0.75 mL, and 2.4 mg/0.75 mL Pre-filled Single-dose Pens, which NNI sells under the trade name WEGOVY®. NNI holds the exclusive right to sell, distribute, and market WEGOVY® (semaglutide) injection in the United States.

10. Novo Nordisk has listed the '017 Patent in FDA's *Approved Drug Products with Therapeutic Equivalence Evaluations* (commonly known as the "Orange Book"), in connection with WEGOVY® and the related NDA.

## NOVO NORDISK'S WEGOVY®

11. The WEGOVY® Label states that "WEGOVY® is indicated in combination with a reduced calorie diet and increased physical activity:

- to reduce the risk of major adverse cardiovascular events (cardiovascular death, non-fatal myocardial infarction, or non-fatal stroke) in adults with established cardiovascular disease and either obesity or overweight.
- to reduce excess body weight and maintain weight reduction long term in:
  - Adults and pediatric patients aged 12 years and older with obesity
  - Adults with overweight in the presence of at least one weight-related comorbid condition."

12. WEGOVY® is to be administered once weekly by subcutaneous injection.

13. For adults, the WEGOVY® Label instructs to administer WEGOVY® once weekly according to a dose escalation schedule that includes an initiating dosage of semaglutide at 0.25 mg for four weeks, 0.5 mg for the next four weeks, 1 mg for the next four weeks, then 1.7 mg for the next four weeks after that. The WEGOVY® Label further instructs "[t]he maintenance dosage of WEGOVY is either 2.4 mg (recommended) or 1.7 mg once weekly" and to "[c]onsider treatment response and tolerability when selecting the maintenance dosage *[see Clinical Studies (14.2)]*."

14. For pediatric patients, the WEGOVY® Label instructs to administer WEGOVY® once weekly according to a dose escalation schedule that includes an initiating dosage of

3

semaglutide at 0.25 mg for four weeks, 0.5 mg for the next four weeks, 1 mg for the next four weeks, then 1.7 mg for the next four weeks after that. The WEGOVY® Label instructs that "the maintenance dosage of WEGOVY in pediatric patients aged 12 years or older is 2.4 mg once weekly" and that "if patients do not tolerate the 2.4 mg once-weekly maintenance dosage, the maintenance dosage may be reduced to 1.7 mg once weekly."

15. The active ingredient in WEGOVY® is semaglutide and its structure is:

Figure 1. Structural Formula of semaglutide

16. WEGOVY® is an aqueous solution. Each 0.5 mL single-dose pen (i.e., prefilled syringe with needle) contains a solution of WEGOVY® containing 0.25 mg, 0.5 mg, or 1 mg of semaglutide; and each 0.75 mL single-dose pen contains a solution of WEGOVY® containing 1.7 mg or 2.4 mg of semaglutide. Thus, each 1 mL of WEGOVY® contains 0.5 mg, 1 mg, 2 mg, 2.3 mg, or 3.2 mg of semaglutide depending on the dosage.

17. The WEGOVY® Label lists 1.42 mg disodium phosphate dihydrate (also known as disodium hydrogen phosphate dihydrate), 8.25 mg sodium chloride, and water for injection as inactive ingredients in each 1 mL of WEGOVY®. WEGOVY® has a pH of approximately 7.4. Hydrochloric acid or sodium hydroxide may be added to adjust pH.

**SUN'S ANDA AND PARAGRAPH IV CERTIFICATION**

18. On information and belief, Sun Pharmaceuticals Industries Inc., acting as U.S. agent for Sun Pharmaceutical Industries Ltd., submitted Sun's ANDA under Section 505(j) of the Federal Food, Drug, and Cosmetic Act ("FFDCA"), *i.e.*, 21 U.S.C. § 355(j), seeking approval to commercially manufacture, use, and/or sell a generic version of semaglutide injection, 0.25 mg/0.5 mL, 0.5 mg/0.5 mL, 1 mg/0.5 mL, 1.7 mg/0.75 mL and 2.4 mg/0.75 mL for subcutaneous use pursuant to Sun's ANDA ("Sun's ANDA Product").

19. On information and belief, Defendant Sun Pharmaceutical Industries Inc. and Defendant Sun Pharmaceutical Industries Ltd. acted in concert to prepare and submit Sun's ANDA.

20. On information and belief, following any FDA approval of Sun's ANDA, Defendant Sun Pharmaceutical Industries Inc. and Defendant Sun Pharmaceutical Industries Ltd. will act in concert to distribute and sell Sun's ANDA Product throughout the United States, including within Delaware.

21. On information and belief, Sun's ANDA refers to and relies upon WEGOVY®'s NDA and contains data that, according to Sun, demonstrate the bioequivalence of Sun's ANDA Product and WEGOVY®.

22. On information and belief, Sun made and included in Sun's ANDA a certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Paragraph IV Certification") that, in their opinion and to the best of their knowledge, the '017 Patent is invalid and/or not infringed.

23. Novo Nordisk received written notice of Sun's ANDA and Paragraph IV Certification as to the '017 Patent ("Notice Letter"), which was dated May 7, 2025, along with an enclosed statement that is required to state all the factual and legal bases for stating that the commercial manufacture, use, or sale of Sun's ANDA Product allegedly will not infringe any valid

claim of the '017 Patent and/or that the claims of the '017 Patent allegedly are invalid and/or unenforceable (the "Detailed Statement"). The Notice Letter identified "Sun Pharmaceutical Industries, Inc." as the U.S. Agent for Defendant Sun Pharmaceuticals Industries Ltd.

24. Sun's Detailed Statement does not allege or provide any separate factual bases to assert that the '017 Patent is unenforceable.

25. Sun's Detailed Statement does not allege or provide any separate factual bases for asserting that the '017 Patent will not be infringed by Sun's ANDA Product apart from contending that the '017 Patent is invalid.

26. This action is being commenced within 45 days of receipt of the Notice Letter.

27. On information and belief, Sun has infringed one or more claims of the '017 Patent under 35 U.S.C. § 271(e)(2)(A) by filing Sun's ANDA with a Paragraph IV Certification and seeking approval of Sun's ANDA before the expiration of the '017 Patent or any extensions thereof.

28. On information and belief, Sun has infringed one or more claims of the '017 Patent under 35 U.S.C. § 271(e)(2)(A) by the submission of Sun's ANDA, including any amendments or supplements thereof, seeking FDA approval to commercially manufacture, use, offer for sale, sell, distribute in, or import into the United States of Sun's ANDA Product before the expiration of the '017 Patent or any extensions thereof.

29. Sun will infringe one or more claims of the '017 Patent under 35 U.S.C. § 271(a) and/or (f) should Sun engage in the commercial manufacture, use, offer for sale, sale, distribution in, or importation into the United States of Sun's ANDA Product before the expiration of the '017 Patent or any extensions thereof.

## JURISDICTION AND VENUE

30. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

31. This Court has personal jurisdiction over Sun because Sun has agreed not to contest and submitted itself to personal jurisdiction in this District.

32. This Court has personal jurisdiction over Defendant Sun Pharmaceutical Industries Ltd. by virtue of, *inter alia*, its presence in Delaware, having conducted business in Delaware; having derived revenue from conducting business in Delaware; previously consenting to personal jurisdiction in this Court (*see, e.g.*, Answer, Defenses, and Counterclaims, *Novo Nordisk Inc., et al. v. Sun Pharmaceutical Industries Ltd., et al.*, C.A. No. 22-296 (D. Del. May 9, 2022), D.I. 11; Answer, Affirmative Defenses and Counterclaims, *Boehringer Ingelheim Pharmaceuticals, et al. v. Sun Pharmaceutical Industries Ltd., et al.*, C.A. No. 21-356 (D. Del. Apr. 5, 2021), D.I. 9); and having taken advantage of the rights and protections provided by this Court, including having asserted counterclaims in this jurisdiction (*see, e.g.*, Answer, Defenses, and Counterclaims, *Novo Nordisk Inc., et al. v. Sun Pharmaceutical Industries Ltd., et al.*, C.A. No. 22-296 (D. Del. May 9, 2022), D.I. 11; Answer, Affirmative Defenses, and Counterclaims, *Allergan USA, Inc., et al. v. Sun Pharmaceutical Industries Ltd.*, C.A. No. 21-1065 (D. Del. Nov. 10, 2021), D.I. 266 in lead C.A. No. 19-1727).

33. This Court has personal jurisdiction over Defendant Sun Pharmaceutical Industries, Inc. by virtue of, inter alia, its presence in Delaware, being a Delaware corporation and having conducted business in Delaware; having derived revenue from conducting business in Delaware; previously consenting to personal jurisdiction in this Court; and having taken advantage of the rights and protections provided by this Court, including having asserted counterclaims in this jurisdiction (*see, e.g.*, Answer, Defenses, and Counterclaims, *Novo Nordisk Inc., et al. v. Sun*

*Pharmaceutical Industries Ltd., et al.*, C.A. No. 22-296 (D. Del. May 9, 2022), D.I. 11; Answer and Counterclaim, *Pfizer, Inc. et al. v. Sun Pharmaceutical Industries Ltd. et al.*, C.A. No. 19-758 (D. Del. July 10, 2019), D.I. 11; Answer, Affirmative Defenses and Counterclaims, *Boehringer Ingelheim Pharmaceuticals, et al. v. Sun Pharmaceutical Industries Ltd., et al.*, C.A. No. 21-356 (D. Del. Apr. 5, 2021), D.I. 9).

34. On information and belief, Sun intends to sell, offer to sell, use, and/or engage in the commercial manufacture of Sun's ANDA Product, directly or indirectly, throughout the United States and in this District. Sun's filing of Sun's ANDA confirms this intention and further subjects Sun to the specific personal jurisdiction of this Court.

35. Defendant Sun Pharmaceutical Industries, Inc. is incorporated in the State of Delaware and therefore resides in this judicial district. Defendant Sun Pharmaceutical Industries Ltd. is a foreign corporation not resident in the United States. Thus, venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c), and 28 U.S.C. § 1400(b).

## THE PATENT-IN-SUIT

36. The allegations above are incorporated herein by reference.

37. Novo Nordisk A/S is the owner of all rights, title, and interest in the '017 Patent, entitled "GLP-1 Compositions and Uses Thereof." The USPTO duly and legally issued the '017 Patent on February 4, 2025. The '017 Patent names Eva Horn Moeller, Michael Duelund Soerensen, and Joakim Lundqvist as inventors. All named inventors assigned the '017 Patent to Novo Nordisk A/S. Novo Nordisk has the right to enforce the '017 Patent and sue for infringement thereof. A true and correct copy of the '017 Patent is attached to this Complaint as Exhibit 1.

38. The '017 Patent claims a liquid pharmaceutical composition comprising semaglutide; wherein said composition (a) does not contain phenol; and (b) is administered parenterally; and (c)(i) is an aqueous solution comprising at least 60% (w/w) water or (ii) further

comprises one or more pharmaceutically acceptable excipients selected from the group consisting of a buffer or an isotonic agent; and wherein the semaglutide is in the range of 0.01 mg/ml-10.0 mg/ml; and wherein the pH of the composition is in between 7.0 and 7.8.

## COUNT I
### (INFRINGEMENT OF THE '017 PATENT)

39. The allegations above are incorporated herein by reference.

40. Sun submitted Sun's ANDA under § 505(j) of the FFDCA to obtain approval to commercially manufacture, use, offer to sell, and sell Sun's ANDA Product before the expiration of the '017 Patent, and any extensions thereof.

41. The Notice Letter states that Sun's ANDA was submitted to obtain approval to manufacture, use, offer to sell, and sell Sun's ANDA Product before the expiration of the '017 Patent. The Notice Letter represents that Sun's ANDA was submitted with a Paragraph IV certification that the '017 Patent is "invalid, unenforceable, and/or will not be infringed by the manufacture, use, or sale of Sun's ANDA Product."

42. Sun has actual knowledge of the '017 Patent.

43. Sun was required to include in its Detailed Statement for each claim of a patent alleged to not be infringed, a full and detailed explanation of why the claim is not infringed. *See* 21 C.F.R. § 314.95(c)(7).

44. The Detailed Statement does not provide any separate factual bases for stating that the '017 Patent will not be infringed by Sun's ANDA Product apart from arguing that the '017 Patent is invalid. If Sun had any reasonable basis for asserting that Sun's ANDA Product is not covered by the claims of the '017 Patent, Sun was required to provide a full and detailed explanation as to why. Accordingly, in information and belief, Sun's ANDA Product is covered

by at least claim 1 of the '017 Patent, and Sun has therefore infringed the '017 Patent. The Detailed Statement does not allege that the '017 Patent is unenforceable.

45. The WEGOVY® Label states that each 0.5 mL single-dose pen (i.e., prefilled syringe with needle) contains a solution of WEGOVY® containing 0.25 mg, 0.5 mg, or 1 mg of semaglutide; and each 0.75 mL single-dose pen contains a solution of WEGOVY® containing 1.7 or 2.4 mg semaglutide.

46. The WEGOVY® Label lists 1.42 mg disodium phosphate dihydrate (also known as disodium hydrogen phosphate dihydrate), 8.25 mg sodium chloride, and water for injection as inactive ingredients in each 1 mL of WEGOVY®. The WEGOVY® Label states that WEGOVY® has a pH of approximately 7.4 and that hydrochloric acid or sodium hydroxide may be added to adjust pH.

47. The WEGOVY® Label states WEGOVY® should be administered subcutaneously.

48. The WEGOVY® formulation is covered by at least claim 1 of the '017 Patent.

49. Thus, WEGOVY® and any corresponding generic semaglutide injection are covered by at least claim 1 of the '017 Patent.

50. On information and belief, Sun's ANDA essentially copies the WEGOVY® Label and formulation as required by FDA, *see* 21 C.F.R. §§ 314.94(a)(8)(iv), 314.94(a)(8)(iii), 314.127(a)(8)(ii)(B), and as such, the liquid pharmaceutical composition in Sun's ANDA Product is identical to that in WEGOVY®.

51. On information and belief, if Sun's ANDA is approved, Sun will make, offer for sale, sell, or import Sun's ANDA Product in a manner that would infringe at least claim 1 of the '017 Patent.

52. WEGOVY® and any corresponding generic semaglutide injection formulation is not a staple article of commerce and has no substantial approved uses that do not infringe at least claim 1 of the '017 Patent. On information and belief, Sun's ANDA Product is not a staple article of commerce and has no substantial uses that do not infringe at least claim 1 of the '017 Patent.

53. On information and belief, Sun has infringed or will infringe at least claim 1 of the '017 Patent under 35 U.S.C. § 271(e)(2)(A) by their submission of Sun's ANDA to FDA seeking to obtain approval for Sun's ANDA Product, which is covered by at least claim 1 of the '017 Patent, before the expiration of the '017 Patent.

54. The commercial manufacture, use, offer to sell, sale, distribution, or importation of products under Sun's ANDA would infringe directly at least claim 1 of the '017 Patent under 35 U.S.C. §§ 271(a) and/or (f).

55. Novo Nordisk seeks an order declaring that Sun has infringed at least claim 1 of the '017 Patent by submitting Sun's ANDA pursuant to 35 U.S.C. § 271(e)(2)(A).

56. Novo Nordisk seeks an order requiring that Sun amend its Paragraph IV Certification related to the '017 Patent in Sun's ANDA to a Paragraph III Certification as provided in 21 C.F.R. § 314.94(a)(12)(vii)(A).

57. Novo Nordisk seeks an order declaring that Sun will infringe at least claim 1 of the '017 Patent by commercially manufacturing, using, offering to sell, selling, distributing, or importing Sun's ANDA Product before the expiration of the '017 Patent under 35 U.S.C. §§ 271(a) and/or (f).

58. Novo Nordisk seeks an order pursuant to 35 U.S.C. § 271(e)(4)(A), including an order that the effective date of any FDA approval of Sun's ANDA be a date that is not earlier than

the expiration of the '017 Patent or any later expiration of extensions, adjustments, and exclusivities for the '017 Patent to which Novo Nordisk becomes entitled.

59. Novo Nordisk will be irreparably harmed if Sun is not enjoined from infringing at least claim 1 of the '017 Patent. Pursuant to 35 U.S.C. § 283 and 35 U.S.C. § 271(e)(4)(B), Novo Nordisk is entitled to a permanent injunction against further infringement. Novo Nordisk does not have an adequate remedy at law.

60. On information and belief, Sun's Detailed Statement setting forth the factual and legal bases for their opinion regarding infringement and validity of the '017 Patent is devoid of an objective good faith basis in the facts or the law. This case is exceptional, and Novo Nordisk is entitled to attorneys' fees pursuant to 35 U.S.C. § 285.

61. To the extent Sun commercializes Sun's ANDA Product prior to the expiration of the '017 Patent, Novo Nordisk will also be entitled to damages under 35 U.S.C. § 284 and 35 U.S.C. § 271(e)(4)(C).

**PRAYER FOR RELIEF**

WHEREFORE, Novo Nordisk respectfully requests that this Court enter judgment in their favor against Sun and grant the following relief:

A. An adjudication that Sun has infringed one or more claims of the '017 Patent under 35 U.S.C. § 271(e)(2)(A), by submitting to FDA Sun's ANDA, including any amendments or supplements thereof, to obtain approval for the commercial manufacture, use, offer for sale, sale, distribution in, or importation into the United States of Sun's ANDA Product before the expiration of the '017 Patent, or any later period of exclusivity to which Plaintiffs are or may become entitled;

B. A judgment declaring that Sun will infringe directly one or more claims of the '017 Patent under 35 U.S.C. §§ 271(a) and/or (f) if they market, manufacture, use, offer for sale, sell,

distribute in, or import into the United States Sun's ANDA Product before the expiration of the '017 Patent, or any later period of exclusivity to which Plaintiffs are or may become entitled;

C. An order requiring that Sun amend its Paragraph IV certification with respect to the '017 Patent to a Paragraph III certification as provided in 21 C.F.R. § 314.94(a)(12)(viii)(A);

D. An order pursuant to 35 U.S.C. § 271(e)(4)(A) providing that the effective date of any FDA approval of Sun's ANDA for Sun's ANDA Product be a date that is not earlier than the latest date of the expiration of the '017 Patent or any later period of exclusivity to which Plaintiffs are or may become entitled;

E. A permanent injunction enjoining Sun, their officers, agents, servants, employees, attorneys, affiliates, divisions, subsidiaries, and those persons in active concert or participation with any of them from infringing the '017 Patent, including the manufacture, use, offer to sell, sale, distribution, or importation of any current or future versions of the product described in Sun's ANDA;

F. An order enjoining Sun, their officers, agents, servants, employees, attorneys, affiliates, divisions, subsidiaries, and those persons in active concert or participation with any of them from infringing the '017 Patent, including the manufacture, use, offer to sell, sale, distribution, or importation of any current or future versions of Sun's ANDA Product;

G. An assessment of pre-judgment and post-judgment interest and costs against Sun, together with an award of such interest and costs, in accordance with 35 U.S.C. § 284;

H. An award to Plaintiffs of their attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. § 285; and

I. Such other and further relief as this Court may deem just and proper.

OF COUNSEL:

Nicholas Groombridge
Josephine Young
Peter Sandel
Jenny Wu
Daniel Klein
Naz E. Wehrli
Joshua Reich
Aileen Huang
GROOMBRIDGE, WU, BAUGHMAN
   & STONE LLP
565 Fifth Avenue, Suite 2900
New York, NY  10017
(332) 269-0030

Philip S. May
GROOMBRIDGE, WU, BAUGHMAN
   & STONE LLP
801 17th Street NW, Suite 1050
Washington, DC  20006
(202) 505-5830

June 20, 2025

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Brian P. Egan*

_____
Brian P. Egan (#6227)
Travis J. Murray (#6882)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
began@morrisnichols.com
tmurray@morrisnichols.com

*Attorneys for Novo Nordisk Inc. and Novo Nordisk A/S*